ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 09 2024

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:24-CR-2-TCB

The United States Attorney for the Northern District of Georgia and the Tax Division of the United States Department of Justice (collectively "the Government") and Defendant William Tomasello ("Defendant") enter into this Plea Agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Defendant, having received a copy of the above-numbered Information and having been arraigned, hereby pleads GUILTY to the Information.

## I. ADMISSION OF GUILT

1.  Defendant admits that he is pleading guilty because he is in fact guilty of the crime(s) charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2.  Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, Defendant would have the right to an attorney, and if Defendant could not afford an attorney, the Court would appoint one to represent Defendant at trial and at every stage of the proceedings. During the trial, Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. Defendant would have the right to confront and cross-examine the witnesses against him. If Defendant wished, he could testify on his own behalf and

present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

7. Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to the sole charge in the Information**

a. Maximum term of imprisonment: 5 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 year(s) to 3 years.

d. Maximum fine: $250,000.00, or twice the gain or twice the loss, whichever is greatest, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

8. Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no

one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.   PLEA AGREEMENT

10.   Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### No Additional Charges

11.   The Government agrees not to bring further criminal charges against Defendant related to the charges to which he is pleading guilty. Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Sentencing Guidelines Recommendations

12.   Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

13.   The Government agrees to recommend and Defendant agrees that:
   a) The applicable offense guideline is Section 2T1.9.
   b) The amount of loss resulting from the offense(s) of conviction and all relevant conduct is more than $1,500,000 but less than $3,500,000. *See* U.S.S.G. §§ 2T1.9, 2T1.4, 2T4.1(I). Defendant's base offense level is 22.

4

  c) Defendant receive the 2-level upward adjustment pursuant to Section 2T1.4(b)(1)(B) for being in the business of preparing or assisting in the preparation of tax returns.

  d) Defendant receive the 2-level upward adjustment pursuant to Section 2T1.4(b)(2) for conduct involving sophisticated means.

### Acceptance of Responsibility

14. The Government will recommend that Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

15. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding Defendant and this case, and to respond to any questions from the Court and the Probation Office and to correct any misstatements of fact or law. Except as expressly stated elsewhere in this Plea

Agreement, the parties also reserve the right to make recommendations regarding the application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

16. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Cooperation

**General Requirements**

17. Defendant agrees to cooperate truthfully and completely with the Government, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation. Defendant agrees to so cooperate in any investigation or proceeding as requested by the Government. Defendant agrees that Defendant's cooperation shall include, but not be limited to:

a) producing all records, whether written, recorded, electronic, or machine readable, in his actual or constructive possession, custody, or control, of evidentiary value or requested by attorneys and agents of the Government;

b) making himself available for interviews, not at the expense of the Government if he is on bond, upon the request of attorneys and agents of the Government;

c) responding fully and truthfully to all inquiries of the Government in connection with any investigation or proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503) and related offenses; and

d) when called upon to do so by the Government in connection with any investigation or proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), obstruction of justice (18 U.S.C. § 1503), and related offenses.

18. Defendant further agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to any other personal, corporate, or entity tax returns related to charitable contribution deductions claimed for the donation of a conservation easement based on any tax return that Defendant or his accounting

7

firm, Accounting Firm 1 (as it is identified in the Superseding Indictment), prepared or assisted in the preparation thereof. Defendant agrees to provide the IRS any documentation in Defendant's possession or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes at the IRS's request.

Defendant agrees that any statements made by Defendant to the IRS or in this Agreement shall be admissible against Defendant without any limitation in any civil or criminal proceeding, and Defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by Defendant to the IRS. Defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. If Defendant withdraws from this Agreement prior to pleading guilty or fails to fully comply with any of the terms of this Agreement, the Government will, at its option, be released from its obligations under this Agreement, but under no circumstances shall Defendant be released from the agreements and waivers made by Defendant in this Agreement.

19. Defendant understands that the Government alone will determine what forms of cooperation to request from Defendant, and Defendant agrees that Defendant will not engage in any investigation that is not specifically authorized by the Government.

### Conditional Section 5K/Rule 35 Motion

20. The Government agrees to make the extent of Defendant's cooperation known to the sentencing court. In addition, if the cooperation is

completed before sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines, the Government will file a motion at sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will file a motion for reduction of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the Government. Good faith efforts by Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. Defendant also understands that, should the Government decide to file a motion pursuant to this Paragraph, the Government may recommend any specific sentence, and the final decision as to what credit, if any, Defendant should receive for Defendant's cooperation will be determined by the Court. If Defendant fails to cooperate truthfully and completely, or if Defendant engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this Paragraph.

## Sentencing Recommendations

**Restitution**

21.     Defendant agrees to pay $2,386,816.04 as restitution to the IRS, plus applicable interest, to the Clerk of Court for distribution to the victim of the offense

9

to which he is pleading guilty and all relevant conduct. Defendant also agrees to cooperate fully in the investigation of the amount of restitution, the identification of victims, and the recovery of restitution for victims.

## Financial Cooperation Provisions

**Special Assessment**

22.     Defendant agrees that he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia 30303, by the day of sentencing. Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney upon payment thereof.

**Fine/Restitution - Terms of Payment**

23.     Defendant agrees to pay full restitution in the amount of $2,386,816.04, pursuant to 18 U.S.C. § 3663, to the Internal Revenue Service. The restitution amount equals the amount of charitable contribution deductions claimed by individual taxpayers for the donation of a conservation easement in tax year 2018 at Defendant's instruction, direction, or suggestion, or at the instruction, direction, or suggestion of others working at Accounting Firm 1.

24.     The parties agree that the total restitution Defendant owes shall be reduced by any payments made by other responsible parties, including the conspirators and taxpayers who sold the illegal and abusive tax shelters to the clients of Accounting Firm 1.

25.     The parties further agree that:

10

a) Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

b) Defendant is entitled to receive credit for restitution paid pursuant to this Plea Agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the Plea Agreement does not resolve Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this Plea Agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

c) Defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

d) If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on

11

forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office. Defendant agrees that this Agreement, or any judgment, order, release, or satisfaction issued in connection with this Agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this Agreement or any other time period.

e) Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent to the Clerk of the Court at the following address:

Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

f) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

　　i.　Defendant's name and Social Security number;

12

        ii. The District Court docket number assigned to this case;

       iii. Tax periods(s) for which restitution has been ordered; and

       iv. A statement that the payment is being submitted pursuant to the District Court's restitution order.

    g) Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the appropriate office of the IRS. Defendant also agrees to send a notice of any payments made pursuant to this Agreement, including the information listed in the previous paragraph, to the IRS at the following address: IRS – RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO 64108.

26. Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that he is able to pay more

13

toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, Defendant and his counsel agree that the Government may contact Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

27.    Defendant agrees that Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $5,000 before sentencing, without the prior approval of the Government. Defendant understands and agrees that Defendant's failure to comply with this provision of the Plea Agreement should result in Defendant receiving no credit for acceptance of responsibility.

28.    Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

29.    Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview

14

(should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the IRS.

30.    So long as Defendant is completely truthful, the Government agrees that anything related by Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against Defendant in subsequent proceedings. If Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use Defendant's interview(s)/deposition(s)/ financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use Defendant's

15

interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised *sua sponte* by the Magistrate or District Court.

### Recommendations/Stipulations Non-binding

31. Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

32. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if Government initiates a direct appeal of the sentence imposed, Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

### FOIA/Privacy Act Waiver

33. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### No Other Agreements

34. There are no other agreements, promises, representations, or understandings between Defendant and the Government.

In Open Court this  9  day of  January , 2024.

_____          _____
SIGNATURE (Defendant's Attorney)         SIGNATURE (Defendant)
Manny Arora                              William Tomasello

_____
SIGNATURE (Trial Attorney)
Parker R. Tobin

_____
SIGNATURE (Assistant U.S. Attorney)
Christopher J. Huber

_____
SIGNATURE (Approving Official)

17

Karen E. Kelly

_____
SIGNATURE (Approving Official)
Stephen H. McClain

I have read the Information against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____     1-9-2024
SIGNATURE (Defendant)        DATE
William Tomasello

18

I am William Tomasello's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          __1/09/24_____
SIGNATURE (Defendant's Attorney)     DATE
Manny Arora
The Arora Law Firm, LLC
75 W. Wieuca Road, NE
Atlanta, GA 30342
404-609-4664

__061641__ State Bar of Georgia Number

Filed in Open Court

This __9__ day of __Jan__, 20__24__

By _____

19

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:23-CR-00XXX-TCB |
| DEFENDANT'S NAME: | WILLIAM TOMASELLO |
| PAY THIS AMOUNT: | $100 |

Instructions:
1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   **\*personal checks will not be accepted\***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.